### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW HAMPSHIRE

CDS Air Freight, Inc.

        v.                                    Civil No. 18-cv-58-JL

North American Training and
Logistics, Inc. and William E. Gifford

### REPORT AND RECOMMENDATION

CDS Air Freight, Inc. ("CDS") brought suit against North American Training and Logistics, Inc. ("NATL") and William Gifford seeking to recover money for freight forwarding and shipping services it provided to NATL under the terms of an agreement.  On June 18, 2018, the Clerk of Court entered default against the defendants.  Before the court for a Report and Recommendation is CDS's motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2).[1]  For the reasons that

---

[1] CDS moved for default judgment under Federal Rule of Civil Procedure 55(b)(1), arguing that the Clerk of Court should enter default judgment in its favor because the amount it seeks under the parties' agreement represents a sum certain.  Even though amounts owed under the parties' agreement could be considered a sum certain under Rule 55(b)(1), CDS's request for attorneys' fees "prevents the clerk from entering a judgment under Rule 55(b)(1), since the reasonableness of the attorney[s'] fees necessitates a judgment call by the Court."  Int'l Union of Operating Engineers, Local 4 v. Stanley Excavation, 243 F.R.D. 25, 27 (D. Me. 2007) (internal quotation marks and citation omitted).  "If the plaintiff is seeking both a sum certain, which would fall under Rule 55(b)(1), and damages that require judicial determination under Rule 55(b)(2), the entire matter, including the sum certain, must be determined under Rule 55(b)(2)."  Id. (citing Conetta v. Nat'l Hair Care Ctrs., Inc.,

follow, the court recommends that the district judge grant the motion in part and deny it in part.

## Standard of Review

After default is entered and when the amount at issue is not a sum certain, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2); see also KPS & Assocs., Inc. v. Designs by FMC, Inc., 318 F.3d 1, 19 (1st Cir. 2003). Before entering a default judgment, the court "may examine a plaintiff's complaint, taking all well-pleaded factual allegations as true, to determine whether it alleges a cause of action." Ramos-Falcon v. Autoridad de Energia Electrica, 301 F.3d 1, 2 (1st Cir. 2002) (quoting Guirindongo Pacheco v. Rolon Morales, 953 F.2d 15, 16 (1st Cir. 1992)). The defaulted party is "taken to have conceded the truth of the factual allegations in the complaint . . . ." Ortiz-Gonzalez v. Fonovisa, 227 F.3d 59, 62-63 (1st Cir. 2002) (internal quotation marks and citation omitted). The defaulted party does not, however, "admit the legal sufficiency of those claims." 10 James Wm. Moore, Moore's Federal Practice § 55.32[1][b] (3d ed. 2013). Therefore, before entering default judgment, the court must determine whether the

---

186 F.R.D. 262, 268 (D.R.I. 1999) ("A case is either for a 'sum certain' or not. A party must choose one of the two procedures offered by Fed. R. Civ. P. 55(b) . . . ."), aff'd, 236 F.3d 67 (1st Cir. 2001)).

admitted facts state actionable claims.  See Hop Hing Produces
Inc. v. X & L Supermarket, Inc., No. 12-cv-1401-AFF-MDG, 2013 WL
1232919, at *2 (E.D.N.Y. Mar. 4, 2013); E. Armata, Inc. v. 27
Farmers Market, Inc., No. 08-cv-5212-KSH, 2009 WL 2386074, at *2
(D.N.J. July 31, 2009).


## Background

By virtue of its default, the defendants concede the
following facts alleged in the complaint: CDS, a Virginia
corporation with its principal place of business in Virginia, is
a global logistics service provider that offers freight
forwarding services such as air freight, ocean freight, motor
carrier services, customs brokerage and inventory management.
On or about March 30, 2010, CDS entered into an Application for
Business Credit (the "Credit Agreement") with NATL, a New
Hampshire company, to provide certain freight forwarding and
shipping services for the transportation of goods from the
United States to foreign countries.  In addition, William
Gifford, a New Hampshire resident, signed the Credit Agreement
on behalf of NATL as its President and CEO.

Pursuant to the Credit Agreement and the Terms and
Conditions set forth therein, CDS provided freight and shipping
services to NATL on four occasions between December 2014 and
April 2015.  CDS invoiced NATL separately for each shipment.

Other than a partial payment of the first invoice, NATL has failed to pay the amount due.  Under the terms of the Credit Agreement, "each signer hereof by such signature, hereby is personally liable and individually responsible for payment of all amounts due" under the invoices.  See doc. no. 1 at 4. Therefore, as a signatory to the agreement, Gifford is personally liable for the amounts due and owing under the Credit Agreement.  Gifford has failed to make any payments to CDS.

## Discussion

CDS brings two claims against NATL and one claim against Gifford: (1) Breach of contract against NATL (Count I); (2) Quantum Meruit against NATL (Count II); and (3) "Personal Guaranty" against Gifford (Count III).  CDS seeks $133,127.95 in damages for the outstanding amount owed to it by the defendants under the four invoices, plus an additional award of $78,365.32 in interest, which it asserts represents a rate of 1.5% per month as applied to each invoice from December 2014 through June 30, 2018.  CDS also seeks an award of $11,291.14 in attorneys' fees and costs.

## I.   Breach of Contract against NATL (Count 1)

CDS has adequately alleged a breach of contract claim against NATL.  CDS alleges in its complaint that it entered into

4

a valid Credit Agreement with NATL, pursuant to which CDS would provide shipping services in exchange for payment from NATL. CDS provided its services pursuant to the Credit Agreement and invoiced NATL for each of its four shipments.  Other than a partial payment for the first invoice, NATL has failed to pay the amount due as required by the Credit Agreement.  These allegations sufficiently make out a breach of contract claim against NATL, and the court recommends that the district judge grant CDS's motion for default judgment as to Count I.

## II.  Quantum Meruit against NATL (Count II)

In its complaint, CDS alleges that it may recover for shipping and freight forwarding services provided to NATL under a claim of quantum meruit.  "A valid claim in quantum meruit requires [that] . . . (1) services were rendered to the defendant by the plaintiff; (2) with the knowledge and consent of the defendant; and (3) under circumstances that make it reasonable for the plaintiff to expect payment." Gen. Insul. Co. v. Eckman Constr., 159 N.H. 601, 612 (2010).  However, quantum meruit is "not available if the parties' relationship is controlled by an express contract."  Androscoggin Valley Reg'l Refuse Disposal Dist. v. R.H. White Constr. Co., Inc., No. 15-cv-434-LM, 2017 WL 1906612, at *4 (D.N.H. May 8, 2017) (citing Turner v. Shared Towers VA, LLC, 167 N.H. 196, 202 (2014)).

Here, CDS entered into a Credit Agreement with NATL to provide shipping and freight forwarding services and provided its services pursuant to that agreement.  Because a valid contract exists between CDS and NATL and the court recommends granting default judgment as to the breach of contract claim, the court recommends that the district judge deny default judgment as to CDS's claim of quantum meruit in Count II.

### III.  **Breach of Contract against Gifford (Count III)**

In its complaint, CDS alleges that Gifford signed the Credit Application on behalf of NATL, as its President and CEO, and in doing so "is personally liable and individually responsible for payment of all amounts due" as owed on the four invoices.  See doc. no. 1 at 4.  Gifford has failed to make any payments.  Accepting these allegations as true, Gifford is in breach of his obligations under the Credit Agreement. Therefore, the court recommends that the district judge grant CDS's motion for default judgment as to Count III.


### IV.  **Damages**

"In the case of defaulting defendants, allegations of damages are not deemed admitted in the context of a default judgment, and it is the plaintiff's burden to establish any entitlement to recovery."  Joe Hand Promotions, Inc. v. Rajan,

No. 10-40029-TSH, 2011 WL 3295424, at *3 n.2 (D. Mass. July 28, 2011) (internal quotation marks and citation omitted).  CDS seeks to recover damages for (1) the amounts due under the four invoices; (2) interest as to each respective invoice, from December 2014 until June 30, 2018; and (3) attorneys' fees and costs.

### (1)  Invoices

In its motion for default judgment, CDS seeks $133,127.85 in amounts invoiced to NATL for freight forwarding and shipping services provided by CDS from December 2014 through April 2015. CDS sent NATL four invoices in the following amounts: (1) $46,576.82; (2) $57,649.88; (3) $50,196.70; and (4) $4,070.00. NATL made only partial payment of the first invoice in the amount of $25,365.45.  Therefore, NATL and Gifford owe $133,127.85 under the invoices and the court recommends that the district judge award CDS that amount in damages.

### (2)  Interest

The Credit Agreement provides that interest will accrue on overdue accounts at the rate of 1.5% per month or 18% annually. See doc. no. 1 at 4.

CDS seeks $78,365.32 in interest, which it asserts represents 1.5% interest on the amount owed under the invoices

from December 2014, when NATL and Gifford failed to pay the
first of the four outstanding invoices, until June 30, 2018.
The court finds that CDS is entitled to the interest it seeks
and therefore recommends that the district judge award CDS
$78,365.32 in interest.

     (3)  Attorneys' Fees and Costs

     An award of reasonable attorneys' fees is typically
calculated by the lodestar method in which the court multiplies
the hours productively spent by a reasonable hourly rate.
Spooner v. EEN, Inc., 644 F.3d 62, 67-68 (1st Cir. 2011).
"`Reasonable hourly rates will vary depending on the nature of
the work, the locality in which it is performed, the
qualifications of the lawyers, and other criteria.'"  Hutchinson
ex rel. Julien v. Patrick, 636 F.3d 1, 16 (1st Cir. 2011)
(quoting United States v. One Star Class Sloop Sailboat, 546
F.3d 26, 38 (1st Cir. 2008)).  The determination of what
constitutes a "reasonable" fee is left to the court's
discretion.  de Jesus v. Banco Popular de P.R., 918 F.2d 232,
233-34 (1st Cir. 1990).

     The party seeking a fee award bears the burden of producing
materials to support the request.  Hutchinson, 636 F.3d at 13.
"Appropriate supporting documentation includes counsel's
contemporaneous time and billing records and information

establishing the usual and customary rates in the marketplace for comparably credentialed counsel." Spooner, 644 F.3d at 68; see also Bogan v. City of Boston, 489 F.3d 417 (1st Cir. 2007).

CDS seeks an award of $11,967.37 in attorneys' fees and $400.00 in costs. However, CDS did not submit an affidavit or additional documentation to support its request for attorneys' fees and costs. Nowhere does CDS detail the hours billed on the case or its attorneys' rates. Further, CDS fails to provide any details concerning the actual costs incurred, separate and apart from any legal work performed.

A request for attorneys' fees and costs, unbolstered by any supporting documentation, does not provide the court with sufficient information to determine whether CDS's request is reasonable. Spooner, 644 F.3d at 68. The court therefore recommends that the district judge deny CDS's request for attorneys' fees and costs without prejudice to renewal, with sufficient supporting documentation, within fifteen (15) days of the date of the district judge's order either approving or rejecting this Report and Recommendation.

## Conclusion

For the foregoing reasons, the court recommends that the district judge: (1) grant CDS's motion for default judgment (doc. no. 9) on Counts I and III; (2) deny CDS's motion on Count

II; (3) award CDS $211,493.17 in past due invoices and interest; and (4) deny CDS's request for attorneys' fees and costs without prejudice to renewal within fifteen (15) days of the date of the district judge's order on this Report and Recommendation.

Any objection to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen day period may be extended upon motion. Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016); Fed. R. Civ. P. 72(b)(2).

Andrea K. Johnstone
United States Magistrate Judge

September 10, 2018

cc:   Jon C. Cowen, Esq.